CHARLES H. WELCH v. T. C. HENRY & CO. AND JAMES A. COLEMAN.

INJUNCTION AND RECEIVER, *Refused—Not Error.* Where W. sues a mortgagor and mortgagee of personal property, claiming that he has an equal and undivided interest with the mortgagor in a portion of the mortgaged property, and asking that the mortgagor and mortgagee shall be enjoined from disposing of the mortgaged property, that a receiver be appointed to take charge of the same, that the same be sold, that the plaintiff shall receive one-half of the proceeds of the sale of that portion of the same in which he claims to have an interest, and that the proceeds of the sale of the remainder of the property be used in paying the mortgage; and on a hearing before the judge, at chambers, as to whether the injunction should be allowed and the receiver appointed, or not, the plaintiff claims that his interest in the property is of the value of $1,300, and admits that the value of his interest does not exceed that sum; and thereupon the defendants deposit in court the sum of $1,750, as security for any judgment which the plaintiff might obtain against them, and in pursuance and because of this deposit the judge refuses both the injunction and the receiver: *Held,* Not error.

*Error from Dickinson District Court.*

THE opinion states the case. January 24, 1884, the district judge, Hon. M. B. Nicholson, at chambers, vacated and dissolved a temporary injunction granted on behalf of plaintiff, *Welch,* by the probate judge of Dickinson county, in an action wherein said *Welch* was plaintiff and *T. C. Henry & Co.* and another were defendants; and also refused to appoint a receiver to take charge of the mortgaged property. These two orders plaintiff brings here for reversal.

*C. F. Mead,* for plaintiff in error.

*John H. Mahan,* and *J. R. Burton,* for defendants in error T. C. Henry & Co.

*Stambaugh & Hurd,* for defendant in error Coleman.

The opinion of the court was delivered by

VALENTINE, J.: On April 10, 1883, James A. Coleman owned or had an interest in a large number of cattle, horses and other property, which he mortgaged to T. C. Henry, to secure the payment of a promissory note for $3,000. On December 29, 1883, Charles H. Welch commenced this action against T. C. Henry and George Carpenter, co-partners as T. C. Henry & Co., and James A. Coleman, alleging that he, Welch, had an equal and undivided interest with Coleman in seventy-five head of the mortgaged cattle, and praying that an injunction be granted to restrain the defendants from disposing of the mortgaged cattle, and that a receiver be appointed to take charge of all the mortgaged property; that all the property be sold; that he, Welch, should receive one-half of the proceeds of the sale of the seventy-five head of cattle; and that the proceeds of the sale of the remainder of the mortgaged property should be used in paying the note and mortgage. A temporary injunction was granted by the judge of the probate court. This the judge of the district court, at chambers, vacated and dissolved, and such judge also refused to appoint a receiver to take charge of the mortgaged property; and of

these two orders, dissolving the injunction and refusing to appoint a receiver, the plaintiff below, as plaintiff in error, now complains.

Are these orders erroneous? At the time these orders were made, the plaintiff claimed that his interest in the property in controversy was of the value of $1,300, and admitted that the value of his interest did not exceed that sum; and thereupon the defendants deposited in court the sum of $1,500 and afterward increased it to the sum of $1,750, as security for any judgment which the plaintiff might obtain against the defendants; and in pursuance and because of this deposit, the court made the orders aforesaid.

We do not think that these orders are erroneous. The final and ultimate judgment prayed for by the plaintiff was for one-half of the proceeds of the sale of the seventy-five head of cattle; and as the plaintiff did not claim that his share of such proceeds would be more than $1,300, the said deposit of $1,750 was ample security therefor, and more ample than both the injunction and the receiver prayed for by the plaintiff. But the deposit, however, *would not hurt the defendants* so much as to have the disposition of their property enjoined, and a receiver appointed to take charge of the same. The plaintiff also wanted the injunction and the receiver, as he claims, for the purpose of enabling him to identify the cattle in which he claimed to have an interest. But certainly an injunction preventing the disposal of not only the cattle in which the plaintiff claimed to have an interest, but also of a large lot of cattle in which he did not claim to have any interest, should not be granted merely for the purpose of giving to the plaintiff a better opportunity to identify the cattle in which he claimed to have an interest; nor should a receiver be appointed to take charge of a large lot of cattle, horses and other property in which the plaintiff did not claim to have any interest, as well as of the seventy-five head of cattle in which he did claim to have an interest, merely for the purpose of giving to the plaintiff a better opportunity of identifying the property in which he claimed to have an interest. We suppose that

without the injunction and without the receiver, the plaintiff can have, and has had, a sufficient opportunity to identify the property in which he claims to have an interest. An injunction and receiver would probably work a great hardship and injustice to the defendants, and courts of equity are seldom so hampered by rigid and inflexible rules of law as to be powerless to administer equity.

Perceiving no error in the orders complained of, they will be affirmed.

All the Justices concurring.